USDC SCAN INDEX SHEET

SWD 7/28/05 8:51

3:05-CV-01497 BROWN V. EL CAJON CITY OF

*1*

*CMP.*

ALVIN M. GOMEZ, ESQ. SBN: 137818
ALVIN M. GOMEZ, P.C.
428 Nob Avenue
Del Mar, California 92014
Telephone: (858)350-1019
Facsimile: (858)847-0544

Attorneys for Plaintiffs
Paula J. Brown and Jonathan D. Brown

FILED
05 JUL 27 PM 1:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAULA J. BROWN and JONATHAN D. BROWN,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF CITY OF EL CAJON; EL CAJON POLICE DEPARTMENT; CHRISTOPHER BALDWIN; ROBERT RANSWEILER; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS-STATE PAROLE; SEAN TORPHY; FRED JAMES; VIOLENT CRIMES TASK FORCE; UNITED STATES OF AMERICA; STEPHEN KINGKADE, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NUMBER: '05 CV 1497 JAH (NLS)<br><br>**COMPLAINT FOR DAMAGES FOR: (1) VIOLATION OF CIVIL RIGHTS; (2) NEGLIGENCE; AND (3) ASSAULT AND BATTERY;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Paula J. Brown and Jonathan D. Brown allege against Defendants as follows:

## *GENERAL ALLEGATIONS*

1. Plaintiff Paula J. Brown is a citizen of the State of California and the United States of America and entitled to the protections of the Constitutions of the State of California and the United States of America.

2. Plaintiff Jonathan D. Brown is a citizen of the State of California and the United States of America and entitled to the protections of the Constitutions of the State of California and the United States of America.

3. At all times mentioned herein Defendant CITY OF EL CAJON (hereinafter referred to as "El Cajon") is a charter subdivision of the State of California with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its nearest agency and agencies, including the El Cajon Police Department (hereinafter "ECPD") and its agents and employees. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the ECPD and its employees comply with the laws and constitutions of the United States and of the State of California.

4. Defendants Robert Ransweiler, Christopher Baldwin, and DOES 1 through 10, inclusive, were at all times herein mentioned police officers with Defendant CITY and Defendant ECPD, acting within the course and scope of their employment and while under color of State law. They are sued in their individual and official capacities.

5. At all times mentioned herein Defendant State of California (hereinafter referred to as "State") is a municipality with the capacity to sue and be sued. Defendant STATE is responsible for the actions, omissions, policies, procedures, practices and customs of its nearest agency and agencies, including the co-defendant Department of Corrections-State Parole (hereinafter "Corrections") and its agents and employees. At all times relevant to the facts alleged herein, Defendant STATE was responsible for assuring that the actions, omissions,

policies, procedures, practices and customs of the CORRECTIONS and its employees comply with the laws and constitutions of the United States and of the State of California.

6. Defendants Sean Torphy, Fred James, and DOES 11 through 20, inclusive, were at all times herein mentioned police officers with Defendant STATE and Defendant CORRECTIONS, acting within the course and scope of their employment and while under color of State law. They are sued in their individual and official capacities.

7. At all times mentioned herein Defendant United State of America (hereinafter referred to as "USA") is a municipality with the capacity to sue and be sued. Defendant USA is responsible for the actions, omissions, policies, procedures, practices and customs of its nearest agency and agencies, including the co-defendant VIOLENT CRIMES TASK FORCE; (hereinafter "VCTF") and its agents and employees. At all times relevant to the facts alleged herein, Defendant USA was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the VCTF and its employees comply with the laws and constitutions of the United States and of the State of California.

8. Defendants Stephen Kingkade and DOES 1 through 50, inclusive, were at all times herein mentioned police officers with Defendant USA and Defendant VCTF, acting within the course and scope of their employment and while under color of State law. They are sued in their individual and official capacities.

9. Plaintiff is informed and believes and thereon alleges that Defendants and Defendants sued herein as DOES 1 through 50, inclusive, are officers, agents or employees of Defendants CITY, STATE, and USA; and were at all times relevant herein acting within the course and scope of their respective employment with said defendants. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a DOE was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this court to amend this Complaint to allege such name and responsibility when that information is

ascertained.

10. At all times herein mentioned, Defendants CITY; ECPD; STATE, USA; STEPHEN KINGKADE; CHRISTOPHER BALDWIN; ROBERT RANSWEILER; SEAN TORPHY; FRED JAMES, DOES 1 through 50, and each of them, were subject to Title 42 U.S.C. Sections 1983, 1988, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the United States and the State of California. Plaintiffs allege that the conduct of said Defendants, and each of them, deprived each plaintiff of his/her constitutionally protected rights.

11. At all times herein mentioned, Defendants STEPHEN KINGKADE; CHRISTOPHER BALDWIN; ROBERT RANSWEILER; SEAN TORPHY; FRED JAMES, and each of them, including DOES 1 through 50, inclusive, were duly appointed, qualified and acting officers, employees and/or agents of the CITY, ECPD, STATE and/or USA and acting within the course and scope of their employment, and/or agency, and under color of state law. Each of said Defendants caused and are responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing or refusing, with deliberate indifference to plaintiff and his rights, failing to initiate and maintain adequate supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures, including omissions to act on the part of each Defendant individually, jointly and severally.

12. At all times herein mentioned, and prior thereto, Defendants, and each of them, had a duty to:

(a) Objectively investigate claims of excessive force, where appropriate, reprimand, retrain, instruct or sanction its peace officers found to have used excessive force;

(b) Train and instruct its peace officers to respect and not violate federal and constitutional statutory rights of individuals similarly situated to and including plaintiff;

(c) Supervise its peace officers to ensure that they do not have a practice or pattern of excessive force, including covering up of excessive force;

(d) Investigate an officer's use of force in arrests and detentions of individuals in a manner consistent with accepted criminal investigations to avoid cover ups of excessive force and misconduct;

(e) Train and instruct police officers to properly respond to situations involving the harm to the public; and

(f) To train, instruct, and supervise its police officers on the use of lethal munitions;

(g) To train, instruct, and supervise its police on policies and procedures implemented by said defendants in use of force, mental illness, among other policies and procedures. There may be additional facts which are currently under investigation and within the exclusive control of Defendants, and each of them. Plaintiffs will amend this Complaint at the appropriate time, or prove said facts at the time of trial.

13. Plaintiffs have satisfied the claim and notice requirements concerning DEFENDANTS CITY; STATE AND USA. All claims have been rejected.

## ***FIRST CAUSE OF ACTION***

***(Violation of Civil Rights of Plaintiffs Against ALL DEFENDANTS)***

14. Plaintiffs re-allege and incorporate by reference each and every allegation

contained in Paragraphs 1 through 13 above, as though fully set forth herein. This action arises within Title 42 of the United States Code Sections 1983 and 1988 of the United States Constitution and common law principals.

15. On or about August 5, 2004 and prior thereto, Plaintiff Paula J. Brown, was and is the natural mother of co-Plaintiff Jonathan D. Brown. A special relationship of mother son existed between said Plaintiffs.

16. On or about August 5, 2004, Plaintiff Paula J. Brown was at a dentist's office located at 8300 Paradise Valley Road, Spring Valley, California. Said facility is located in a shopping center where members of the public were patrons of said facility.

17. At said time and place, Plaintiff Jonathan D. Brown was at the dental office with his mother. Plaintiff Jonathan D. Brown was aware of heard, and was present when his mother was shot in the chest.

18. On or about August 5, 2004, defendants, and each of them, violated the Civil Rights of each plaintiff by firing and discharging their respective weapons in a fashion that was willful, knowingly, reckless and in conscious disregard of the rights of each Plaintiff. Said discharge of the weapons by Defendants was in violation of the custom and practice of the CITY, ECPD, the STATE and USA. Said discharge of live rounds was also contrary to the policy and procedures of the CITY, ECPD, the STATE and the USA, and contrary to the state, federal, state and federal constitutional standards in the effectuation of a detention and arrest of individuals.

19. Said Defendants, and each of them, deprived each plaintiff of his/her rights when said Defendants, acting or pretending to act under color of state law and of statutes, ordinances, regulations, and customs and usages of the Law of the United States, State of California, County of San Diego, which rights are included but not limited to, privileges and immunities secured to plaintiff by the constitution and laws of the State, and particularly:

(a) The right to be free from excessive or unreasonable force in violation of

his rights protected under the Fourth and Fourteenth Amendment; and

(b) The right to be treated fairly and justly;

(c) The right to not be exposed by officers who are not properly trained, supervised and managed;

(d) To train, instruct, and supervise police officers on the use of lethal force; and

(e) To train, instruct, and supervise its police on policies and procedures implemented by said agencies in use of force, among other policies and procedures.

20. Each of these deprivations of rights caused each plaintiff to have his/her civil rights violated and to suffer personal injuries, emotional distress and other damages.

21. By reason of the acts alleged above and as a direct and proximate result of said defendants conduct, Plaintiffs incurred, and will continue to incur, pecuniary losses and damages, including those resulting from the following:

a. Medical and related expenses in an amount to be proved at trial; and

b. Loss of wages and earning capacity in an amount to be proved at trial.

22. By virtues of 42 U.S.C. Sections 1983 and 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

23. The individual Defendants Stephen Kingkade, Robert Ransweiler, Christopher Baldwin, Sean Torphy, and Fred James acted with reckless disregard to the rights and safety of decedent, thereby violating his constitutional rights and punitive damages should be accessed against them individually.

## *SECOND CAUSE OF ACTION*

***(Negligence as against* ALL DEFENDANTS.*)***

24. Plaintiff realleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 23 above, as though fully set forth herein.

25. On August 5, 2004, said individual defendants and each of them owed plaintiff Paula J. Brown a duty not to engage in unreasonable conduct or to cause harm to plaintiff.

26. At said time and place, defendants and each of them, breached their duty to plaintiffs by allowing the situation to escalate; to fire live rounds in an area where the public was present, and not taking the necessary precautions to prevent injury to the members of the public.

27. As a direct and proximate result of the negligence and carelessness of Defendants as set forth above, each plaintiff was injured and suffered damages.

28. By reason of the acts alleged above and as a direct and proximate result of said defendants conduct, each Plaintiff has suffered damages, including personal injuries, emotional distress, loss of wages and earning capacity, among other damages to be proven at the time of trial.

29. As a result of the special relationship between Plaintiff Paula J. Brown and Plaintiff Jonathan D. Brown, and due to the proximity of the shooting of Plaintiff Paula J. Brown, Plaintiff Jonathan D. Brown suffered severe emotional distress as a bystander and is thus entitled to damages.

## ***THIRD CAUSE OF ACTION***

***(ASSAULT AND BATTERY as against*** **DEFENDANTS STEPHEN KINGKADE, ROBERT RANSWEILER, CHRISTOPHER BALDWIN, SEAN TORPHY, AND FRED JAMES)**

30. Plaintiff Paula J. Brown re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 29 above, as though fully set forth herein.

31. On August 5, 2004, said individual defendants and each of them owed plaintiff Paula J. Brown a duty not to engage in unreasonable conduct or to cause harm to said plaintiff. Said defendants owed a duty not to assault and batter individuals, similarly situated to plaintiff.

32. At said time and place, said defendant officers assaulted and battered plaintiff by

using, firing, discharging and striking Plaintiff Paula J. Brown with a live round from one of the revolver's of said individual defendants. Said conduct was clearly in violation of the training, customs and practices of the CITY, ECPD, the STATE and USA, among other conduct.

33. As a direct and proximate result of the conduct of said Defendants as set forth above, plaintiff Paula J. Brown was injured and suffered damages.

34. By reason of the acts alleged above and as a direct and proximate result of said defendants conduct, Plaintiff Paula J. Brown has suffered damages, including personal injuries, emotional distress, loss of wages and earning capacity, among other damages to be proven at the time of trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1. For general damages in an amount to be proved at trial;
2. For hospital and medical expenses in an amount to be proved at trial;
3. For loss of wages and earning capacity in an amount to be proved at trial;
4. For exemplary and punitive damages in an amount to be proved at trial;
5. For interest on all economic damages in the legal amount from August 5, 2004, to the date of judgment;
6. For attorneys fees according to proof;
7. For costs of suit herein incurred; and
8. For such other and further relief as the court deems just and proper.

DATED: July 25, 2005

ALVIN M. GOMEZ, P.C,
By:

ALVIN M. GOMEZ, Esquire
Attorneys for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs Paula J. Brown and Jonathan D. Brown hereby demand a trial by jury.

Dated: July 25, 2005

Alvin M. Gomez, Esquire
Attorneys for Plaintiff

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

'05 CV 1497 JAH (NLS)

**I (a) PLAINTIFFS**
Paula J. Brown and Jonathan D. Brown

**DEFENDANTS**
CITY OF CITY OF EL CAJON; EL CAJON POLICE DEPARTMENT; CHRISTOPHER BALDWIN, ROBERT SANDEILER; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS-STATE PAROLE; SEAN TORPHY; FRED JAMES; VIOLENT CRIMES TASK FORCE; UNITED STATES OF AMERICA; STEPHEN KINGSTON, and DOES 1 through 50, inclusive

05 JUL 27 PM 1:38

CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Alvin M. Gomez
Alvin M. Gomez, P.C.
428 Nob Avenue
Del Mar, CA 92014 858.350.1019

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1U.S. Government Plaintiff
☒ 3Federal Question (U.S. Government Not a Party)
☐ 2U.S. Government Defendant
☐ 4Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**
This action arises within Title 42 of the United States Code Sections 1983 and 1988 of the United States Constitution and Common law principles On or about August 5, 2004, Defendants fired and discharged their respective weapons against Plaitniffs and violated the civil rights of each Plaintiff.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Eiectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 7/26/05 SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

115803 $250.00 [initials]